RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 FEB -8 P 2: 15

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carolyn N. Dean,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>Defendant. | C/A No.: 9:06-cv-3431-GCK-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on November 30, 2007. Carolyn N. Dean (Plaintiff) brought this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381(c)(3) seeking judicial review of the Commissioner's final decision to deny the plaintiff's claims for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI). The magistrate recommends affirming the commissioner's decision; for the reasons stated herein, this Court adopts the magistrate's recommendation.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The plaintiff filed objections on December 20, 2007.

**Objections**

*1. Discrediting the Treating Physician's Opinion*

First, the plaintiff objects that: "The Magistrate Report attempts to perform the ALJ's job of actually explaining the basis for dismissing the opinion of Dr. Grate, however, the ALJ must perform the analysis himself, which was not properly done in the present case." *Pl's Objs.* at 1. In discrediting the opinion of the treating physician, Dr. Grate, the ALJ stated in pertinent part:

> In response to a questionnaire on April 3, 2006, Dr. Deborah Grate indicated no report of medication side effects but stated that the claimant experiences pain which could frequently interfere with concentration and that she is limited to sitting and standing no more than two hours each in an eight-hour workday. She also reported rare ability to twist or climb ladders and only occasional ability to stoop, crawl, and climb stairs with no repetitive use of her upper extremities, inability to lift more than 10 pounds, and bad days occurring more than four days a month (Exhibit 9F). Essentially Dr. Grate has indicated in the responses to the questionnaire that the claimant is unable to sustain work activity.
>
> However, in earlier statements subsequent to the claimant's alleged onset date, Dr. Grate had noted that the claimant had been reassigned to different job duties in late 2000 requiring heavy lifting and carrying. Dr. Grate indicated that the claimant could not perform that heavier work but that she could return to alternate work that did not require lifting and carrying greater than 10 pounds (Exhibits 1F, pages 11,10, and 9; and 4F, page 44). She did not describe difficulties in performing the job before the reassignment. On August 1, 2003, Dr. Grate noted that she had encouraged the claimant to seek employment (Exhibit 4F, page 13).

> Dr. Grate's progress notes do not indicate deterioration in the claimant's condition since her statement in August 2003 that she was encouraging the claimant to seek employment or her statements in March 2001 that the claimant could return to alternate work. There is no support for the additional limitations noted in her response to the questionnaire in April 2006. Therefore, the opinions set forth in that response are entitled to little to no weight.

*ALJ Decision* at 9-10. The ALJ decided to discredit Dr. Grate's 2006 opinion that found that the plaintiff was unable to work because Dr. Grate's treatment notes from 2001 and 2003 demonstrate that Dr. Grate believed the plaintiff was able to work and that, between 2003 and 2006, Dr. Grate's treatment notes do not demonstrate a deterioration in the plaintiff's condition. The magistrate reviewed the record and found that substantial evidence supported this reasoning. Though the magistrate may have been more thorough in his treatment of the record, he did not, as the plaintiff suggests, engage in *post hoc* reasoning to support the ALJ's decision; rather, he meticulously recited the details of the substantial evidence from the record that supported the ALJ's determination to discredit Dr. Grate's 2006 opinion.

Plaintiff also argues that the magistrate and the ALJ should not use the plaintiff's desire to find employment against her in her disability claim. *Pl's Objs.* at 2-3. This information was not used in an assessment of the plaintiff's actual disability. Rather, the ALJ used it as a basis to discredit Dr. Grate's 2006 opinion.

Plaintiff then argues that the ALJ failed to consider the plaintiff's entire record when he determined that the plaintiff's condition did not deteriorate between 2003 and 2006. It is important to note that the ALJ used this information as a basis to

discredit Dr. Grate's opinion only. Given this limited purpose, the ALJ need only consider the records that Dr. Grate considered in forming her 2006 opinion to determine whether her prior treatment notes and diagnostic tests tended to support or contradict her 2006 opinion. Dr. Grate's 2006 opinion does not suggest that she reviewed any information beyond her own treatment notes and test results that she had ordered. *Admin. Rec.* at 349. The ALJ found that Dr. Grate's own notes did not support her 2006 opinion; the magistrate found that this was supported by substantial evidence in the record.

Therefore, the magistrate did not err by finding that the ALJ's decision to give Dr. Grate's 2006 opinion little or no weight was based on substantial evidence.

*2. Impairment Analysis*

The plaintiff argues that: "The Magistrate failed to apply the correct legal analysis in consideration of the Plaintiff's argument that she had severe upper extremity and mental impairments." *Pl's Objs.* at 6. The magistrate correctly reviewed the ALJ's decision to determine whether it was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). But, in an apparent attempt to reargue the merits of her case, the plaintiff goes on to suggest that the magistrate erred by upholding the ALJ's determinations that the plaintiff did not have any severe mental or upper extremity impairments. *Pl's Objs* at 7. However, the magistrate found that these decisions were supported by substantial evidence, and this Court agrees. The Commissioner's finding of non-disability is to be upheld, even if the

Court disagrees with it, so long as it is supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Smith v. Chater*, 99 F.3d 635, 637 (4th Cir. 1996).

Therefore, the magistrate did not err by finding that the ALJ's decisions about the severity of the plaintiff's alleged impairments were supported by substantial evidence.

**Conclusion**

After a thorough review of the record, Report and Recommendation, and objections, this Court finds that the magistrate's Report and Recommendation applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 8, 2008
Anderson, South Carolina